# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LILY PRAKONKHAM,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　Defendant. | Case No.: 1:18-cv-0898 - JLT<br><br>ORDER TO DEFENDANT TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE IMPOSED FOR FAILURE TO COMPLY WITH THE COURT'S ORDER |

Lily Prakonkham seeks judicial review of a decision to denying her application for Social Security benefits. (Doc. 1) On July 3, 2018, the Court issued its Scheduling Order, setting forth the applicable deadlines. (Doc. 5)

Plaintiff served a confidential letter brief upon Defendant on December 12, 2018. (Doc. 12) Pursuant to the terms of the Scheduling Order, within thirty-five days of the date of service of the confidential letter brief, Defendant was to serve a response and file a proof of service. (Doc. 5 at 2) Thus, Defendant was to serve a response to the brief no later than January 16, 219. To date, Defendant has not filed a proof of service indicating a response was served upon Plaintiff. In addition, Defendant did not request an extension of time to comply with the Court's order.

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have

inherent power to control their dockets," and in exercising that power, a court may impose sanctions. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court impose sanctions, including terminating sanctions, for a party's failure to obey a court order or failure to comply with local rules. *See*, *e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (imposing sanctions terminating for failure to comply with an order); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (imposing terminating sanctions for failure to comply with a court order); *Henderson v. Duncan,* 779 F.2d 1421, 1424 (9th Cir. 1986) (sanctions for failure to prosecute and to comply with local rules).

Accordingly, within 21 days Defendant SHALL show cause in writing why sanctions should not be imposed for failure to follow the Court's order or to serve a response to Plaintiff's confidential letter brief and file proof of service with the Court.

IT IS SO ORDERED.

Dated: **January 22, 2019**       **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE